UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

Plaintiff,

v.

LA PAZ ENTERPRISES, INC., et al.,

Defendants.

No. 2:25-cv-03343-DAD-CSK

ORDER TO SHOW CAUSE

On November 18, 2025, plaintiff filed a complaint initiating this civil rights action against defendants La Paz Enterprises, Inc. ("La Paz"), and Great Highway, LLC ("Great Highway"). (Doc. No. 1.) On December 1, 2025, defendant Great Highway was served with a summons and the complaint. (Doc. No. 8.) On March 9, 2026, plaintiff filed a status report requesting that the court continue all dates and deadlines in this case in light of the ongoing bankruptcy proceedings that Rhina Servin Velasquez ("Servin Velasquez"), the CEO of defendant La Paz, initiated in the Eastern District of California. (Doc. No. 9.) In that status report plaintiff stated that it appeared dismissal of those proceedings was imminent, but that "[a]s a consequence of this bankruptcy filing, plaintiff has desisted from taking any further action in this civil case against defendant La Paz Enterprises[]" and "out of an abundance of caution, plaintiff has not taken any further action with respect to co-defendant Great Highway[.]" (*Id.* at 1.) On March 12, 2026, the court issued

/////

an order vacating the initial scheduling conference scheduled for March 23, 2026 and resetting it for June 8, 2026. (Doc. No. 10.)

On June 1, 2026, plaintiff filed a second status report stating that the dismissal of the unrelated bankruptcy proceedings had been postponed. (Doc. No. 11 at 1.) Plaintiff again expressed his belief that the dismissal of the bankruptcy action was imminent because the Clerk of the Court filed a notice stating that the case would be dismissed if Servin Velasquez failed to file a financial management course certificate by March 7, 2026, and the deadline to comply passed without Servin Velasquez filing any such certificate. (*Id.* at 1–2.) Plaintiff again requested that this court continue all dates and deadlines in this action to allow him to continue monitoring the status of the bankruptcy proceedings involving non-party Servin Velasquez. (*Id.* at 2.) Plaintiff also reported that he still had not taken any action against defendants La Paz and Great Highway in this case because of those bankruptcy proceedings. (*Id.* at 1.) On June 2, 2026, the court issued an order that vacated the initial scheduling conference set for June 8, 2026 and reset it to September 14, 2026. (Doc. No. 12.)

On September 1, 2026, plaintiff filed a third status report in which he stated as follows:

> As of this moment, September 1, 2026, the bankruptcy case is still open. Ms. Servin Velasquez appears to be doing everything that she is supposed to do therein. However, it is not clear that she will complete her bankruptcy case. The plaintiff therefore requests that this Court continue this civil case for a reasonable period, so that plaintiff can continue to monitor the bankruptcy docket to see if the bankruptcy case is successfully completed. If she does discharge plaintiff's claim, then plaintiff can proceed against [defendant Great Highway].

(Doc. No. 13 at 2.) As in the prior status reports, plaintiff states that he "has desisted up to now from taking any further action in this civil case against defendant La Paz Enterprises[]" and that "out of an abundance of caution, plaintiff has also not taken any further action with respect to co-defendant Great Highway[.]" (*Id.* at 1–2.)

Based upon a review of the docket, it appears that defendant La Paz has not yet been served in this action. Indeed, to date, plaintiff has not filed any proof of service of the summons and complaint as to this defendant, nor has plaintiff filed any request for an extension of time to effect service of process on defendant La Paz. Rule 4 of the Federal Rules of Civil Procedure

provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Accordingly, **plaintiff is ordered to show cause in writing within seven (7) days** from the date of entry of this order why his claims against defendant La Paz in this action should not be dismissed due to plaintiff's failure to serve this defendant in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff may respond to this order to show cause by: (1) serving defendant La Paz in compliance with Rule 4 and filing proof of service with the court; (2) filing a declaration showing good cause for his failure to serve defendant La Paz; or (3) filing a notice of voluntary dismissal of defendant La Paz from this action under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff is forewarned that his failure to comply with this order will result in plaintiff's claims against defendant La Paz being dismissed due to his lack of compliance with court orders and Rule 4.

The initial scheduling conference currently set for September 14, 2026 is hereby vacated, and reset to November 9, 2026 at 1:30 p.m. before District Judge Dale A. Drozd by Zoom.

IT IS SO ORDERED.

Dated: **September 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE