UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

Plaintiff,

v.

LA PAZ ENTERPRISES, INC., et al.,

Defendants.

No. 2:25-cv-03343-DAD-CSK

ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING REGARDING THE AUTOMATIC STAY IN UNRELATED BANKRUPTCY PROCEEDINGS

On September 4, 2026, the court issued an order directing plaintiff to show cause why his claims brought against defendant La Paz Enterprises, Inc. ("La Paz") should not be dismissed for failure to serve defendant La Paz in compliance with Federal Rule of Civil Procedure 4(m). (Doc. No. 14.) On September 10, 2026, plaintiff filed a response to the court's order. (Doc. No. 17.)

Therein, plaintiff states that he attempted to serve defendant La Paz three times right before Rhina Servin Velasquez ("Servin Velasquez") initiated bankruptcy proceedings. (*Id.* at 3, 13–14.) Plaintiff also states that Servin Velasquez named plaintiff as a creditor in her pending

/////

/////

/////

bankruptcy proceedings and has classified his claim as an unsecured debt.[1] (*Id.* at 1.) Plaintiff further states that defendant La Paz appears to be the alter ego of Servin Velasquez and is therefore also considered a debtor subject to the automatic stay imposed in Servin Velasquez's Chapter 7 bankruptcy action. (*Id.* at 1–2.) As a result, plaintiff believes that he presently is prohibited from attempting to effectuate service of process on defendant La Paz. (*Id.* at 2.)

As to the status of Servin Velasquez's Chapter 7 action, plaintiff explains that:

> The Bankruptcy 341 Creditors' Meeting was held on June 16, 2026. (See Exhibit 1, page 6.) Most Chapter 7 bankruptcy cases are discharged approximately sixty days after the first creditors' meeting date. This is because sixty days is the deadline for filing an objection to the bankruptcy discharge, although the objector can ask for more time. (Fed. R. Bankr. P. 4004.) [The bankruptcy action docket] does not show any application for more time by any objector. Therefore, it appears that the bankruptcy case will be discharged relatively soon. However, there is obviously no guarantee that the bankruptcy case will be successfully discharged until the event actually happens, and there is no guarantee of an exact time line [sic].

(*Id.* at 2.) Based on these representations, plaintiff requests that this court hold proceedings against defendant La Paz in abeyance until the Chapter 7 action is either dismissed or discharged. (*Id.* at 3.) Plaintiff intends to proceed against the other defendant, Great Highway LLC, in this action and has noted that default was entered against this defendant on September 8, 2026. (*Id.*)

The commencement of Chapter 7 bankruptcy proceedings "operates as a stay, applicable to all entities, of[] the commencement or continuation[] . . . of a judicial, administrative, or other action or proceeding against the debtor[.]" 11 U.S.C. § 362(a)(1). "As a general rule, the automatic stay protects *only* the debtor, property of the debtor or property of the estate." *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009); *see also Rosen v. Urb. Commons, LLC*, No. 20-cv-01973-JLS-DFM, 2021 WL 3264146, at *2 (C.D. Cal. July 23, 2021) ("[T]he automatic stay 'does not extend to actions against parties other than the debtor.'") (citations omitted). The "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 8 U.S.C. § 541(a)(1). "Ordinarily, a corporation is regarded as a

[1] The court's independent review of the docket in the pending bankruptcy proceedings reveals that on June 15, 2026, an amended summary of assets and liabilities which included a list of all creditors who have unsecured claims was filed in that action, and plaintiff does not appear on that list. *See In re Rhina De La Paz Servin*, 2:25-bk-26940, Doc. No. 39 (June 15, 2026).

legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Mou v. SSC San Jose Operating Co. LP*, 415 F. Supp. 3d 918, 929 (N.D. Cal. 2019) (citation omitted).

Plaintiff provides no authority to support the proposition that defendant La Paz is a debtor in Servin Velasquez's bankruptcy proceedings. In fact, plaintiff's response to the court's order to show cause is the first instance in which he advances this theory. Absent further information, the court cannot conclude that defendant La Paz is subject to the automatic stay imposed by Servin Velasquez's pending Chapter 7 proceedings.

Accordingly, no later than Friday, September 25, 2026 at 5 p.m., plaintiff is DIRECTED to file supplemental briefing, with supporting legal authority, addressing the applicability of the automatic stay in Servin Velasquez's Chapter 7 proceedings to this action.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE