UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br>Plaintiff,<br>v.<br>LA PAZ ENTERPRISES, INC., et al.,<br>Defendants. | No. 2:25-cv-03343-DAD-CSK<br><br><u>ORDER DIRECTING PLAINTIFF TO EITHER SERVE DEFENDANT LA PAZ OR REQUEST CLARIFICATION REGARDING THE AUTOMATIC BANKRUPTCY STAY</u> |

On September 4, 2026, the court issued an order directing plaintiff to show cause why his claims brought against defendant La Paz Enterprises, Inc. ("La Paz") should not be dismissed for failure to serve defendant La Paz in compliance with Federal Rule of Civil Procedure 4(m). (Doc. No. 14.) In his response to the court's order to show cause, plaintiff argued for the first time that defendant La Paz is a debtor in non-party Servin Velasquez's bankruptcy proceedings, and therefore defendant and this case are subject to the automatic stay. (Doc. No. 17.) On September 18, 2026, this court directed plaintiff to file supplemental briefing, with supporting legal authority, addressing the applicability of the automatic stay in Servin Velasquez's Chapter 7 proceedings to this action. (Doc. No. 18.) On September 25, 2026, plaintiff filed supplemental briefing as directed. (Doc. No. 19.) Therein, he argues that defendant La Paz is subject to the automatic stay because Servin Velasquez has included defendant La Paz as part of her assets in

her bankruptcy claim and any action against defendant La Paz would necessarily implicate the bankruptcy proceedings. (*Id.* at 4.) Plaintiff requests that the court find that the automatic stay applies to this action pursuant to the reasoning of the "unusual situation" exception. (*Id.*)

As this court has already explained, generally, the automatic stay protects only the debtor, property of the debtor or property of the estate and, ordinarily, a corporation is regarded as a separate legal entity from its stockholders, officers, and director. (Doc. No. 18 at 2–3.) Plaintiff now asks this court to apply the "unusual situation" exception to the above general rule here. As another district court has explained, the Ninth Circuit has considered but not adopted the unusual situation exception:

> Though it has neither explicitly adopted nor repudiated it, the Ninth Circuit recognizes that other "courts have carved out" a "limited exception[] to this general rule" in certain cases where "'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'"

*Yates v. Delano Retail Partners, LLC*, No. 10-cv-03073-CW, 2012 WL 1094444, at *1 (N.D. Cal. Mar. 29, 2012) (quoting *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n. 3 (9th Cir.1993)); *see also Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold S.A.R.L.*, 115 F.4th 1202, 1217 (9th Cir. 2024) ("We have declined to adopt the Fourth Circuit's 'unusual situation' exception on several occasions. . . . Here again we find good reason to defer that question for a future case.").

Even if this court were inclined to adopt the unusual situation exception, it appears that a request to apply the exception here should be made in the bankruptcy court. "'[E]xtensions' of the automatic stay to non-debtors, 'although referred to as extensions of the automatic stay, are in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.'" *In re Silver State Broad., LLC*, No. 23-bap-01111-NFB, 2024 WL 583088, at *3 (B.A.P. 9th Cir. Feb. 13, 2024). "A determination concerning whether the automatic stay under § 362(a) should be extended to non-debtor parties is a determination to be made by a bankruptcy court." *Del Campo v. Am. Corrective Counseling Serv.*, No. 01-cv-21151-JW, 2009 WL 656282, at *3 (N.D. Cal. Mar. 12,

2009); *see also In re Ripon Self Storage, LLC*, No. 10-bap-1325-HKID, 2011 WL 3300087 (B.A.P. 9th Cir. Apr. 1, 2011) ("[A]ny extension of the automatic stay to nondebtors does not occur automatically but requires the filing of an adversary proceeding requesting the bankruptcy court to act under § 105(a)."); *Int'l Petroleum Prods. & Additives Co., Inc.*, 115 F.4th at 1217 (noting that an extension of the automatic stay "is rooted in the bankruptcy court's injunctive powers under section 105 of the Bankruptcy Code[]" (internal quotation omitted)). Accordingly, this court declines to determine whether the automatic stay should be extended to apply to defendant La Paz in this action.

Plaintiff also argues, without citation to authority, that defendant La Paz is subject to the automatic stay because "both plaintiff Oscar Ramos and his attorney Richard A. Mac Bride" are listed as creditors in the bankruptcy proceeding. (Doc. No. 19 at 4.) Plaintiff does not acknowledge that this court already reviewed the list of creditors in the bankruptcy proceeding and noted that neither plaintiff nor his attorney appear on the debtor's amended list of creditors. (Doc. No. 18 at 2 n.1.) Plaintiff then reasserts his belief that he may not take further action in this proceeding against defendant La Paz because the case is subject to the automatic stay "due to what appears to be the alter ego status of the business." (Doc. No. 19 at 4.) Once again, plaintiff has not provided any legal authority in support of his assertion that defendant La Paz is the alter ego of Servin Velazquez. Finally, plaintiff asserts, once again without citation to authority, that if plaintiff Ramos were to take any action to seize the assets of defendant La Paz, that would "clearly" affect the bankruptcy because Servin Velazquez has included defendant La Paz as an asset in her bankruptcy claims. (Doc. No. 19 at 4.)

The court will not conduct plaintiff's legal research for him. Moreover, the fact that defendant La Paz has not been served in this action has necessarily resulted in plaintiff's claims regarding the effect of the bankruptcy stay going uncontested.[1]

/////

[1] The court notes that it has reviewed a number of orders in which district courts consider the extent of the automatic bankruptcy stay but it has been unable to identify any authority that addresses how the automatic stay in a non-party's bankruptcy proceedings applies to an unserved non-debtor defendant in a civil action.

Accordingly, and because plaintiff has already had far more time to effect service under Rule4 without doing so, plaintiff is DIRECTED to either (1) serve defendant La Paz in compliance with Rule 4 and file proof of service with the court within 30 days of the date of this order, or (2) request clarification from the bankruptcy court regarding the applicability of the stay in *In re Rhina De La Paz Servin*, 2:25-bk-26940 to defendant La Paz and file proof of the request within 30 days of the date of this order.

The initial scheduling conference currently set for November 9, 2026 is hereby vacated, and reset to February 22, 2027 at 1:30 p.m. before District Judge Dale A. Drozd by Zoom.

IT IS SO ORDERED.

Dated: **October 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE